IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAYNE A. ADAMS, ) | |
| ) | Case No. 06 C 3459 |
| Plaintiff, ) | |
| ) | Judge Virginia M. Kendall |
| v. ) | |
| ) | |
| OSCAR SZCZERBINSKI, CAROL ) | |
| DOUGHERTY, RICHARD LALOWSKI, ) | |
| JEFFREY ROTKVICH, MICHAEL HOLDMAN, ) | |
| RICHARD ROZKUSZKA, JAMES PRANDINI, ) | |
| and THE CITY OF DES PLAINES, a Municipal ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Wayne A. Adams ("Adams") brings this action against Defendants Oscar Szczerbinski ("Szczerbinski"), Carol Dougherty ("Dougherty"), Richard Lalowski ("Lalowski"), Jeffrey Rotkvich ("Rotkvich"), Michael Holdman ("Holdman"), Richard Rozkuszka ("Rozkuszka"), James Prandini ("Prandini"), and the City of Des Plaines (the "City") alleging civil rights violations stemming from his arrest on May 19, 2005 in Des Plaines, Illinois. On July 13, 2005, Adams initiated these proceedings by filing a complaint against Rotkvich in the Circuit Court of Cook County, Illinois. That complaint was assigned case number 05 L 62029. On May 22, 2006, Adams filed a second action in the Circuit Court of Cook County against Szczerbinski, Lalowski and Dougherty, which second action was assigned case number 06 L 5209. Szczerbinski, Lalowski and Dougherty removed case number 06 L 5209 to this Court on June 26, 2006, and it was assigned case number 06 C 3459. Thereafter, on February 8, 2007, Adams amended the complaint in his original

case – number 05 L 62029 – to add claims against Holdman, Prandini, Rozkuszka, and the City. The newly added defendants in case number 05 L 62029 removed that case to federal court on February 26, 2007, whereupon it was assigned case number 07 C 1109. Subsequently, Adams's two cases were consolidated before this Court under case number 06 C 3459.

The Amended Complaint in Adams's first case – Cook County case number 05 L 62029 – states a claim under 42 U.S.C. § 1983 arising out of alleged physical abuse suffered by Adams in the early morning hours of May 20, 2005 while in the custody of Rotkvich, Holdman and Rozkuszka at the Des Plaines Police Department following his arrest. The Complaint in Adams's second case – Cook County case number 06 L 5209 – relates to alleged physical abuse inflicted upon Adams at the time of his arrest at approximately 11:15 P.M. on May 19, 2005. Adams did not file a single, unifying complaint in this Court after his two cases were consolidated. Presently before the Court is the joint Motion of Prandini, Rozkuska and the City (the "Moving Defendants") for Summary Judgment on Count II of the Amended Complaint in Adams's first case. For the reasons set forth herein, the Motion for Summary Judgment is granted.

# **FACTS**[1]

On May 19, 2005, at approximately 11:15 P.M., Adams was stopped by Szczerbinski, a Des

---

[1] The facts presented herein are taken solely from the Moving Defendants' Local Rule 56.1(a)(3) statement of uncontested material facts, cited herein as "Def.'s 56.1 ¶ __." In compliance with this Court's scheduling order, the Moving Defendants filed the instant Motion for Summary Judgment on June 28, 2007. Adams did not file any response to the Motion. Accordingly, the facts presented in the Moving Defendants' Local Rule 56.1(a)(3) statement are deemed admitted. *See* Local Rule 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *see also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.").

Plaines police officer, while driving on River Road in Des Plaines. (Def.'s 56.1 ¶ 1; Adams Dep., Exh. B thereto, at 24:8-12; Cplt. in Case no. 06 C 3459 at ¶ 4.) At some point after Szczerbinski first stopped Adams, Des Plaines police officer Lalowski and Sergeant Dougherty arrived at the scene of the stop, Dougherty having been directed to report to that location by Rozkuszka, a Commander with the Des Plaines Police Department, which is led by Chief of Police Prandini. (Def.'s 56.1 ¶¶ 9, 10, 36.) Adams was physically abused at the scene of the stop by Szczerbinski and Lalowski. *Id.* at ¶ 11. Adams testified in his deposition that the officers threw him against the trunk of his car, twisted his arm, and placed him in handcuffs fastened tightly enough to cause him great pain. (Exh. B to Def.'s 56.1 at 26:12-24; 27:1-24; 28:1-12.)[2]

Adams was then transported to the Des Plaines Police station in Des Plaines, Illinois. At various times, Adams was informed that he was under arrest for trespass and for battery to a police officer. (Def.'s 56.1 ¶ 15.) At the police station, Adams was questioned and searched by Des Plaines Police Detectives Holdman and Rotkvich. *Id.* at ¶ 11. While he was in custody at the police department, Adams was physically abused by Rotkvich and Holdman. *Id.* at ¶14. Adams was subsequently released and later made a complaint to the police department about the incident. *Id.* at ¶ 16.

Officers Lalowski and Szczerbinski and Commander Rozkuszka have each been subjected to discipline in the past by the City. *Id.* at ¶¶ 29-31. None of the other named defendants have been subjected to discipline or have been the subject of citizen complaints. *Id.* at ¶ 33. Szczerbinski, Dougherty, Lalowski, Rotkvich, Holdman and Rozkuszka have each undergone in-service training

---

[2] Solely for the purposes of the instant Motion for Summary Judgment, the Moving Defendants accept as true Adams's allegations that he was subjected to constitutional harms at the scene of his arrest and at the police station.

3

during the course of their employment by the Des Plaines police department. *Id.* at ¶ 37 and Exh. O thereto (containing records indicating completion of training programs on Use of Force and Defensive Driving/Laws of Arrest, Search and Seizure).

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. Of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, the court will accept that statement as true for purposes of summary judgment. An adequate rebuttal requires a citation to specific support in the record, an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."). Because Adams has submitted no response to Defendants' Local Rule 56.1 statement, the Court takes Defendants' facts as admitted. "Where the nonmoving party bears the ultimate burden of proof at trial, the nonmoving party must

come forward with specific facts demonstrating an issue for trial to survive summary judgment." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007).

## DISCUSSION

**I.      Municipal Liability Under § 1983.**[3]

A municipality may not be held liable under § 1983 based on a theory of respondeat superior or vicarious liability. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). A municipality may only be held liable under § 1983 when its policy or custom results in a constitutional injury to the plaintiff. *See id.* ("[I]t is when the execution of a government's policy or custom, whether made by lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983"). In this case, the Moving Defendants have admitted – at least for the purposes of the instant Motion for Summary Judgment – that Adams suffered constitutional injury; accordingly, the question for this Court is whether the injury resulted from a municipal policy or custom. *See Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 597 (7th Cir. 1997) (a municipality cannot be liable unless plaintiff first demonstrates that he suffered a constitutional injury). Adams can prove a municipal policy or custom by demonstrating either: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage

---

[3] As the Moving Defendants note, Adams's failure to train claim is confusingly pleaded. (Mem. in Support of Mtn. for Summary Judgment at p. 4.) It is clear that Adams alleges a failure to train, supervise, discipline and control on the part of the City. However, Adams also presses his failure to train allegations against Rozkuszka and Prandini. Adams also alleges that Prandini and Rozkuszka ratified the conduct of other officers. The Court interprets the "failure to train" claim as alleged against Prandini and Rozkuszka – as well as the ratification claim alleged against those defendants – as alternative attempts to impose municipal liability on the City through the alleged actions of those defendants.

5

with the force of law; or (3) the act of a person with final policymaking authority." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Within the third prong, a plaintiff may allege that a policymaker ratified the unconstitutional conduct of a subordinate. *Baskin v. City of Des Plaines*, 138 F.3d 701, 705 (7th Cir. 1998).

**1.     Failure to Train**.

"Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Proof of deliberate indifference requires more than a showing of simple or even heightened negligence. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 392, 407 (1997). Courts find deliberate indifference in either of two circumstances: (1) when, in light of the duties assigned to specific officers the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the deficiency exhibits deliberate indifference on the part of municipal policymakers; and (2) when a repeated pattern of constitutional violations makes the need for further training plainly obvious to municipal policymakers. *Jenkins*, 487 F.3d at 492 (citing *City of Canton*, 489 U.S. at 389, 390 and n. 10).

The Moving Defendants argue that there is no evidence that the City has failed to properly train, supervise, discipline or control any of its police officers, much less that it has acted with deliberate indifference to citizens' rights in the context of training, supervising, disciplining or controlling any of those officers. First, the evidence demonstrates that Szczerbinski, Dougherty, Lalowski, Rotkvich, Holdman and Rozkuszka have each undergone in-service training during the course of their employment by the Des Plaines police department. The Moving Defendants also note

that the evidence shows only six incidents of misconduct involving any of the defendants in this case. Only one of those incidents – a citizen complaint relating to physical misconduct – involved the use of force in any way and none of those incidents involved Rotkvich or Holdman. Evidence of one incident of physical misconduct by one of the defendant officers is not sufficient to establish either: (1) that in light of the duties assigned to any of the defendant officers there was an obvious need for more or different training; or (2) that "the police . . . so often violate constitutional rights that the need for further training must have been plainly obvious." *Id.* (citing *City of Canton*, 489 U.S. at 390, n.10). The other incidents, several of which post-date Adams's arrest, involved car accidents, destruction of police property and violations of internal rules; those incidents are not evidence of conduct likely to result in the violation of citizens' constitutional rights.

As the party on whom the burden of proof rests at trial, Adams was obligated to come forward with evidence to support his failure to train claim in order to survive summary judgment. *Id.* at 493. Adams has failed to bring forth any such evidence. Accordingly, with respect to Adams's failure to train claim, there is no genuine issue for trial and the Moving Defendants are entitled to summary judgment.

### 2. Ratification by Municipal Policymakers.

Unlike the practices of a municipality's lower-level employees, the single act of a high-level policy maker can render a local government liable under § 1983. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 470 (1986) ("Municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances"). "A municipality may also be liable for the actions of an employee who lacks final policymaking authority if that employee's actions were 'ratified' by the municipality." *Killinger v. Johnson*, 389 F.3d 765, 772 ( 7th Cir. 2004). In order to succeed on

a § 1983 claim against a municipality based on such a "ratification" theory, a plaintiff must demonstrate that "a municipal official with final policymaking authority approved the subordinate's decision and the basis for it." *Baskin*, 138 F.3d at 705. Accordingly, in order prevail upon his § 1983 claim against the City on the theory that Rozkuszka and Prandini ratified the conduct of Rotkvich and Holdman, Adams must first establish that Rozkuszka and Prandini are municipal officials with final policymaking authority.

Whether an official has "final policymaking authority" over a certain issue is a question answered by state or local law. *See St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988); *Kujawski v. Bd. of Comm'rs of Bartholomew Cty*, 183 F.3d 734, 738 (7th Cir. 1999) ("[O]ur task is to determine whether the official in question was a final policymaker for the local government 'in a particular area, or on a particular issue'"), quoting *McMillian v. Monroe County*, 520 U.S. 781, 785 (1997). Here, Adams has not identified any state or local positive law, or custom having the force of law, that grants either Chief Prandini or Commander Rozkuszka final authority to set policy in areas or on issues relevant to this case. Indeed, with respect to the office of Chief of Police, the Des Plaines City Code (the "Code") provides, *inter alia*, that:

> The chief shall superintend the police force of the city . . . subject to the orders of the mayor, city manager and the city council. He shall . . . be solely responsible for the efficient operation of the department. *He shall formulate and establish a set of administrative rules and regulations to govern the operation of the department. These rules and regulations or any subsequent changes thereto shall be approved by the city council before becoming effective* and copies shall be prepared for distribution to all concerned or affected thereby. He shall see that all members of the department obey these rules and regulations.

Des Plaines, Ill., Code tit. 3, ch. 1-2(B). Under the Code, any administrative rules and regulations formulated and established by the Chief of Police must be approved by the city council before they

become effective. As such, with respect to the operation of the Des Plaines Police Department, it is the city council and not the Chief of Police (or any subordinates) that has final policymaking authority relevant to Adams's claims. Because they are not final policymakers for the City, neither Prandini nor Rozkuszka may subject the City to liability under § 1983 under a ratification theory. Accordingly, the Moving Defendants are also entitled to summary judgment with respect to Adams's ratification claim.

## CONCLUSION

For the reasons stated herein, the Moving Defendants' Motion for Summary Judgment is Granted.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date:   October 23, 2007