# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WAYNE A. ADAMS, | ) |
|       Plaintiff, | ) |
| v. | ) No.: 06 C 3459 |
| | ) (consolidated with 07 C 1109) |
| OSCAR SZCZERBINSKI, DICK LALOWSKI, CAROL DOUGHERTY, JEFFREY ROTKVICH, MICHAEL HOLDMAN, AND RICHARD ROZKUSZKA, | ) Judge Kendall |
|       Defendants. | ) Magistrate Judge Valdez |

## MOTION OF DEFENDANT DICK LALOWSKI FOR
## ENTRY OF JUDGMENT PURSUANT TO RULE 50

NOW COMES the Defendant, DICK LALOWSKI, by and through one of his attorneys, WILLIAM W. KURNIK, and, pursuant to Rule 50(a)(1), moves for the entry of judgment in his favor and against the Plaintiff, WAYNE A. ADAMS, on the Plaintiff's claim of false arrest in violation of the Fourth Amendment. In support, the undersigned submits the following:

1. The Plaintiff maintains that Defendant Lalowski arrested him or participated in his arrest and probable cause was lacking to arrest the Plaintiff.

2. Under the totality of the circumstances and based upon the undisputed evidence, Defendant Lalowski is entitled to qualified immunity in connection with the claim of the Plaintiff for false arrest for the following reasons:

    a) Reasonably competent police officers could have believed that probable cause existed to arrest the Plaintiff for criminal trespass to property based upon Lalowski receiving reliable information from Officer Szczerbinski that the Plaintiff's

vehicle was observed in the parking lot of the Honda Dealership, parked approximately 100 feet from the road and darkened, and Lalowski also observed a flashlight in the vehicle, gloves, and this coupled with the Plaintiff's only explanation being that he was looking at a vehicle, contrary to the reliable information that Lalowski received from Officer Szczerbinski.

b) Based upon the undisputed testimony of Officer Szczerbinski, the Plaintiff was travelling between 41 and 42 miles per hour in a 35-mile per hour zone, it was constitutionally permissible to make a full-blown custodial arrest, and it is undisputed that probable cause existed to believe that the Plaintiff had violated the Illinois Motor Vehicle Code to which a full custodial arrest could have been made. *Atwater v. City of Lago Vista*, 532 U.S. 318, 121 S.Ct. 1536 (2001).

c) To the extent that the Plaintiff maintains that the initial stop of his vehicle was unconstitutional, Lalowski did not participate in the initial stop, as he arrived at the scene later; and, alternatively, based upon information provided to him by Officer Szczerbinski (even though denied by the Plaintiff), a prudent person would conclude that the initial detention was justified under *Terry v. Ohio*, 392 U.S. 130, 88 S.Ct. 1868, 1885 (1968).

d) A police officer may justify and support the arrest of an individual based upon any offense supported by the facts. *Devenpeck v. Alford*, 543 U.S. 146, 125 S.Ct. 588 (2004).

e) Where the material facts are undisputed, the question of qualified immunity is a question of law to be decided by the Court. *Rakovich v. Wade*, 850 F.2d 1180, 1202 (7th Cir. 1988).

3. Based upon the undisputed facts as set forth in the foregoing paragraphs, Defendant Lalowski is entitled to judgment entered in his favor on the Plaintiff's false arrest claim on the basis that probable cause existed to arrest the Plaintiff and transport the Plaintiff for the offenses enumerated above; and when the material facts are not in dispute, the question of probable cause is a question to be decided by the Court. *Smith v. Lanz*, 321 F.3d 680, 684 (7th Cir. 2003).

4.      Defendant Lalowski is entitled to judgment entered in his favor on the Plaintiff's false arrest claim on the basis that the Plaintiff waived the claim by making an admission in his opening statement that "the only real claim that I have against Lalowski" is the claim of the force used on the Plaintiff's arm up to the back of the neck.  *See Hall v. Wal-Mart Stores East, LP*, 447 F.Supp.2d 604 (W.D. Va. 2006); *Stone v. City of Arcola*, 181 Ill. App. 3d 513, 536 N.E.2d 1329 (1989).

WHEREFORE, this Defendant, DICK LALOWSKI, requests that judgment be entered in his favor and against the Plaintiff, Wayne A. Adams, based upon the Plaintiff's claim of false arrest in violation of the Fourth Amendment.

Respectfully submitted by,

s/ William W. Kurnik
WILLIAM W. KURNIK, Attorney I.D. #01550632
One of the Attorneys for Defendant Dick Lalowski

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
2860 River Road, Suite 400
Des Plaines, IL 60018-6009
Telephone:    847-298-8000
Facsimile:    847-298-8014
E-Mail:       BKurnik@khkklaw.com

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys of record herein, hereby certifies that on January 30, 2008, the foregoing ***MOTION OF DEFENDANT DICK LALOWSKI FOR ENTRY OF JUDGMENT PURSUANT TO RULE 50*** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

**Wayne A Adams** at wayneadams570@sbcglobal.net;

**Lucy B. Bednarek** at lbednarek@ancelglink.com, cdonovan@ancelglink.com;

**Ellen Kornichuk Emery** at eemery@ancelglink.com, jcottle@ancelglink.com;

**William W. Kurnik** at BKurnik@khkklaw.com;

**Krista Eleanore Oswald** at Koswald@khkklaw.com; and

**Scott Douglas Spears** at sspears@ancelglink.com, sspears@ameritech.net, lstefanich@ancelglink.com

    s/ William W. Kurnik
    WILLIAM W. KURNIK, Attorney I.D. #01550632
    One of the Attorneys for Defendant Dick Lalowski

    KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
    2860 River Road, Suite 400
    Des Plaines, IL 60018-6009
    Telephone:    847-298-8000
    Facsimile:    847-298-8014
    E-Mail:    BKurnik@khkklaw.com